NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAJ K. PATEL,**
*Appellant*

**v.**

**WHITE HOUSE CHIEF OF STAFF,**
*Appellee*

---

2022-1962

---

Appeal from the Civilian Board of Contract Appeals in No. 7419.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

Raj K. Patel filed suit at the United States Civilian Board of Contract Appeals for battery, assault, torture, civil rights violations, and breach of contract.  The Board dismissed.  On appeal, Mr. Patel moves to stay the deadline for filing a motion for reconsideration or rehearing at the Board pending his efforts to seek the Supreme Court's review in another of his cases and moves for leave to proceed *in forma pauperis*.  Appellee opposes the motion to stay.

Given that Mr. Patel has moved for leave to proceed *in forma pauperis*, it is appropriate to consider whether his appeal is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i) ("[T]he court shall dismiss the case at any time if the court determines that . . . the . . . appeal is frivolous. . . ."); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) (explaining that while § 1915 "authorizes courts to dismiss a 'frivolous or malicious' action, . . . there is little doubt they would have [the] power to do so even in the absence of this statutory provision").

Mr. Patel provides no reasoned basis for disturbing the Board's dismissal. Even a liberal reading of his filings fails to produce a non-frivolous allegation of a contract with an executive agency within the Board's jurisdiction. *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011). Mr. Patel alleges only that he formed a contract with Presidents of the United States and describes "fantastic or delusional scenarios" that are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).\* Dismissal is therefore appropriate under the circumstances.

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Any pending motions are denied as moot.

---

\*    We note that this is now the second time this court has informed Mr. Patel that his contractual allegations are baseless. *See Patel v. United States*, No. 2022-1131 (Fed. Cir. Feb. 11, 2022), ECF No. 31 ("The Court of Federal Claims correctly concluded that Mr. Patel's allegations were baseless and that it lacked jurisdiction over any of his claims.").

PATEL v. WHITE HOUSE CHIEF OF STAFF                               3

(3)  Each side shall bear its own costs.

FOR THE COURT

August 29, 2022                          /s/ Peter R. Marksteiner
          Date                            Peter R. Marksteiner
                                          Clerk of Court